UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICKY JOE ALFORD** | **CIVIL ACTION** |
| **VERSUS** | **NO:     07-0552** |
| **ROBERT HOLLIS CARMOUCHE, ET AL.** | **SECTION: "B" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.[1]

Before the Court is a **Petition for Garnishment (R. Doc. 84)** filed by the Plaintiff, Ricky Joe Alford ("Alford") seeking an Order citing Westside Credit Corporation as a garnishee and requiring Westside Credit Corporation to answer, under oath, and in writing, interrogatories pursuant to Louisiana Code of Civil Procedure Article 2411.  Alford also seeks an Order permitting him to deposit into the registry of the Court the fifteen (15) dollar attorney fee required by La. Rev. Stat. § 13:3927 for the account of Westside Credit Corporation.

### I.     Background

This diversity action arises out of the physical and sexual abuse suffered by the Plaintiff by his adoptive father, Defendant Richard Joseph Carmouche, and his adoptive brother, Robert Hollis

---

[1] *See* R. Doc. 87.

Carmouche. After a bench trial before the Presiding Judge on January 18, 2011, followed by closing argument on January 28, 2011, a judgment was entered in favor of the Plaintiff and against the Defendants. (*See* R. Docs. 75, 76, 79.)

Specifically, judgment was rendered in favor of the Plaintiff, Alford, and against both Defendants *in solido* in the amount of $416,930.63. This amount consisted of past medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life. In addition, judgment was rendered in favor of the Plaintiff, and against Robert Hollis Carmouche in the amount of $1 million for physical and mental pain and suffering.

Judgment was also rendered in favor of the Plaintiff and against Kevin Carmouche in the amount of $500,000.00 for physical and mental pain and suffering. Finally, judgment was entered in favor of the Plaintiff and against Robert Hollis Carmouche in the amount of $1 million as exemplary damages pursuant to Louisiana Civil Code Article 2315.7. Interest on these judgments are to accrue at the Louisiana rate of legal interest from the date of judicial demand, January 31, 2007, until paid in full. The costs of the proceedings were also cast against both Defendants. (*See* R. Doc. 79.)

The Defendants appealed the judgment of the Presiding Judge. (R. Doc. 81.) On April 18, 2011, the Court of Appeals denied the Defendant's appeal for want of prosecution. (R. Doc. 83.) Therefore the judgement is final.

As to the instant motion, the Plaintiff contends that the judgement has not been satisfied. The Plaintiff alleges that the Defendant, Kevin Carmouche, is currently employed by Westside Credit Corporation, a corporation licensed to do and is doing business in the State of Louisiana. The Plaintiff seeks to have Kevin Carmouche's wages garnished to satisfy the judgments entered in favor

of the Plaintiff and against Kevin Carmouche. The Plaintiff contends that Westside Credit Corporation is, or will be, indebted to Kevin Carmouche for his wages, salary, or commission and should be cited as a garnishee and ordered to respond to interrogatories, pursuant to Louisiana Code of Civil Procedure Article 2411.

## II.    Standard of Review

Louisiana Code of Civil Procedure Article 2411 provides in relevant part,

> The judgment creditor, by petition and after the issuance of a writ of *fieri facias*, may cause a third party to be cited as a garnishee[2] to declare under oath what property he has in his possession or under his control belonging to the judgment debtor and in what amount he is indebted to him, even though the debt may not be due. He may require the third person to answer categorically and under oath the interrogatories annexed to the petition within the delay provided by Article 2412.

LA. CODE CIV. PROC. ANN. art. 2411 (2002). If a judgment creditor chooses to annex interrogatories to the petition, those interrogatories

> shall include a question, or questions, the answer to which shall inform the court as to whether or not the defendant in the suit is employed by the garnishee, and if not, where and by whom the defendant is presently employed and residing, if known to the garnishee, and, if employed by the garnishee, what his rate of compensation is, in what manner it is paid, and whether or not there are other judgments or garnishments affecting such wage, salary or compensation, and if so, the status thereof.

LA. REV. STAT. ANN. § 13:3924 (2006).

A plaintiff seeking a writ of garnishment must apply to the Court for the issuance of such a writ and must deposit with the clerk of court fifteen (15) dollars, as a fee for the attorney for the employer who must respond to the interrogatories. LA. REV. STAT. ANN. § 13:3927 (2006). Petitions for garnishment must include a Statement of Sums Due Under Garnishment pursuant to

---

[2] A garnishee is defined as "a third party who has in his possession, custody or control, property in which the debtor has a substantial interest."

Louisiana Revised Statute § 13:3923.

### III.   Analysis

Here, the Plaintiff has obtained a writ of *fieri facias* which was been filed in the record. R. Doc. 88.  Further, his petition for garnishment properly contains a Statement of Sums Due Under Garnishment which properly reflects the judgment entered in this matter. (R. Doc. 84-3.)  Finally, a review of the annexed interrogatories demonstrates that the Plaintiff seeks responses to interrogatories that are within the scope of Louisiana Revised Statute § 13:3924.  As a result, the Court recommends that Westside Credit Corporation be cited as garnishee, and shall answer, under oath and in writing, the annexed interrogatories.  Further, the Court recommends that the Plaintiff be permitted to tender for deposit into the registry of the Court for the account of the garnishee the fifteen (15) dollar attorney fee required by Louisiana Revised Statute § 13:3927.

### IV.   Recommendation

Accordingly,

**IT IS RECOMMENDED** that the Plaintiff's, Ricky Joe Alford, **Petition for Garnishment (R. Doc. 84)** be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Westside Credit Corporation be cited as garnishee, and shall answer, under oath and in writing, interrogatories annexed to the subject motion.

**IT IS FURTHER RECOMMENDED** that the fifteen (15) dollar fee required by Louisiana Revised Statute § 13:3927 be tendered by the Plaintiff, Ricky Joe Alford, for deposit into the registry of this Court for the account of the garnishee, Westside Credit Corporation.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 17th day of June 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.