UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICKY JOE ALFORD**                                             **CIVIL ACTION**

**VERSUS**                                                       **NO. 07-552**

**ROBERT HOLLIS CARMOUCHE, ET AL.**                              **SECTION "B"(4)**

### ORDER AND REASONS

Before the Court is Defendant Kevin Carmouche's Motion to Vacate Garnishment. Rec. Doc. 113. There is no record of opposition to that motion. For the following reasons,

**IT IS ORDERED** that the motion to vacate garnishment is **GRANTED, subject to reconsideration upon a showing of good cause if a motion to that effect is filed within 20 days. Moreover, this order is null and void if it is inconsistent with the parties' agreement as alluded to in the Magistrate Judge's order dated November 23, 2011. Rec. Doc. 110.**

### I.   FACTS OF THE CASE AND PROCEDURAL HISTORY

This action arose from a judgment against defendants and a subsequent garnishment order. Rec. Docs. 79, 90, 110. Plaintiff, Ricky J. Alford ("Ricky"), was adopted by Robert Carmouche ("Robert") at the age of five, and lived with Robert and Robert's biological son, Kevin Carmouche ("Kevin"). Rec. Doc. 38 at 2. Ricky lived with Robert and Kevin until he was around sixteen years old. Rec. Doc. 38 at 2. According to the Amended Complaint, shortly after the adoption, Robert began to beat Ricky, and once he reached

the age of six years old, "Robert began to regularly sexually molest and assault him. These acts included oral and genital sexual intercourse." Rec. Doc. 38 at 3. Kevin, on multiple occasions, would assist Robert "in sexually molesting and assaulting Ricky by holding Ricky down so that Robert could rape Ricky and also by periodically beating Ricky himself." Rec. Doc. 38 at 3. Both Robert and Kevin would take pictures of Ricky while he was standing naked, which were then published by Robert on the internet. Rec. Doc. 38 at 4. Additionally, when standing naked, Robert would sometimes severely beat him. Rec. Doc. 38 at 4. Then in the fifth grade, "Robert began to falsely imprison [Ricky] by soldering shut all windows in the house, padlocking his bedroom door, and refusing to allow him to have contact with the outside world." Rec. Doc. 38 at 4. Ricky also claimed that Kevin aided in the soldering of his bedroom window. Rec. Doc. 73 at 3.

"The assaults, batteries, and illegal sexual contacts described herein caused Ricky to run away from home, attempt suicide, seek medical care, seek therapy, and be involuntarily admitted to various mental health institutions." Rec. Doc. 38 at 5.

After disclosure of these events to a social worker, Robert was arrested on February 7, 2005, and charged with oral sexual battery of Ricky and molestation of a juvenile. Rec. Doc. 73 at 3. After the arrest of Robert, a second search warrant was issued for

the Carmouche residence, which was executed on March 4, 2005. Rec. Doc. 73 at 4. This led to the seizure of Kevin's laptop, multiple CD's, adult and child pornography, and information on how to beat a polygraph examination. Rec. Doc. 73 at 4. Kevin was then arrested and charged with 2,440 counts of possession of pornography involving a juvenile, where the juvenile was Ricky in many images. Rec. Doc. 73 at 4; Rec. Doc. 38 at 6. At the time of arrest Kevin worked as a fifth-grade teacher. Rec. Doc. 73 at 5.

Ricky was unable maintain steady employment in his adult life, and "after three psychological examinations and two years of appeals, [he] was granted Social Security disability benefits on the basis of the following severe impairments: borderline personality disorder; schizo-affective disorder; and post-traumatic stress disorder." Rec. Doc. 73 at 6.

On February 1, 2011, the Court rendered judgment "in favor of plaintiff, Ricky Joe Alford and against defendants Robert Hollis Carmouce [sic] and Kevin Carmouce [sic] *in solido*, in the amount of FOUR HUNDRED SIXTEEN THOUSAND NINE HUNDRED THIRTY DOLLARS AND SIXTY THREE CENTS ($416,930.63) . . . ." Rec. Doc. 79 at 1. The Court further rendered judgment against Kevin Carmouche for $500,000.00 for physical and mental pain and suffering. Rec. Doc. 79 at 1-2.

On July 11, 2011 the Court granted Plaintiff's Petition for Garnishment and cited Westside Credit Corporation as the

garnishee. Rec. Doc. 90 at 1. On November 23, 2011 the Court granted in part and denied in part the Opposition to Garnishee's Claim of Indebtedness by Debtor (Rec. Doc. 94). Rec. Doc. 110 at 6. The Court ordered:

> [T]hat Garnishee Westside Credit Corporation, Inc. shall collect $114.49 monthly or $57.25 bi-weekly from Defendant Kevin Carmouche's paycheck, as agreed under the parties' promissory note, and that all garnishable amounts up to twenty-five percent of [Kevin] Carmouche's nonexempt disposable earnings shall be paid to Plaintiff Ricky Joe Alford until such time as Carmouche's debt to Westside is paid off . . . [O]nce Carmouche's debt to Westside is paid off, Westside shall pay Plaintiff the full garnishable amount until such time as the judgment amount against Carmouche is paid in full.

Rec. Doc. 110 at 6. Now, Defendant Kevin Carmouche moves to vacate the garnishment. Rec. Doc. 113.

## II. **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 69 governs the execution of money judgments. Fed. R. Civ. P. 69. Rule 69(a)(1) states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—*must accord with the procedure of the state where the court is located*, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1) (emphasis added). The U.S. Court of Appeals for the Fifth Circuit has held that "Rule 69(a)(1) requires

parties to follow state law procedure in execution of money judgments and in proceedings supplementary to and in aid of judgment or execution (which includes the revival of judgments), with one important exception—that a federal statute governs where it applies." *FDIC v. SLE, Inc.*, 722 F.3d 264, 272 (5th Cir. 2013) (citing Fed. R. Civ. P. 69(a)(1)) (holding that federal law did not preempt Louisiana law regarding the revival of judgments, and where proper state law was followed, revival was proper).

In ruling on a Motion to Revive sn Amended Judgment, this court recognized that "[t]he execution and revival of federal judgments are governed by the law of the forum state." *Jackson v. Duncan*, No. 08-cv-4292, 2021 WL 2579788, at *3 (E.D. La. June 23, 2021) (citing *In re Clarke*, No. 89-81395, 2012 WL 4634557, at *4 (Bankr. W.D. La. Sept. 28, 2012) (citing *Sobranes Recovery Pool I, LLC v. Todd & Hughes Constr. Corp.*, 509 F.3d 216, 219 (5th Cir. 2007); Fed. R. Civ. P. 69)).

Because the forum state is Louisiana, Louisiana law governs consideration of the instant motion to vacate garnishment. Louisiana Civil Code article 3501 provides for "Prescription and revival of money judgments[.]" That codal article states:

> A money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final . . . Any party having an interest in a money judgment may

> have it revived before it prescribes, as provided in Article 2031 of the Code of Civil Procedure. A judgment so revived is subject to the prescription provided by the first paragraph of this Article. An interested party may have a money judgment rendered by a court of this state revived as often as he may desire.

La. Civ. Code art. 3501. However, "an ongoing garnishment does not constitute an interruption of the ten-year liberative prescription against the judgment debtor under Article 3464 of Civil Code, because it is not a voluntary payment or acknowledgment by the debtor." *Brunston v. Hoover*, 06-970 (La.App. 3 Cir. 12/6/06); 945 So.2d 852, 856 (internal quotations omitted) (quoting trial court). Louisiana Code of Civil Procedure article 2031 provides for the requirements of revival of judgments. That article states:

> A money judgment may be revived at any time before it prescribes by an interested party by the filing of an ex parte motion brought in the court and suit in which the judgment was rendered. The filing of the motion to revive interrupts the prescriptive period applicable to the judgment. The motion to revive judgment shall be accompanied by an affidavit of the holder and owner of the judgment, stating that the original judgment has not been satisfied. A judgment shall thereupon be rendered reviving the original judgment. No citation or service of process of the motion to revive shall be required. The court may order the judgment debtor to pay additional court costs and reasonable attorney fees in connection with the judgment revival action. Notice of signing of the judgment of revival shall be mailed by the clerk of court to the judgment debtor at his last known address as reflected in the suit record.

La. Code Civ. P. art. 2031(A).

Therefore, based on Louisiana Civil Code article 3501, Plaintiff's money judgment prescribed ten years from the final judgment unless revived pursuant to the requirements set forth in Louisiana Code of Civil Procedure article 2031(A). *See Bahan v. Youngstown Sheet & Tube Co.*, 191 So.2d 668, 671 (La. Ct. App. 2 Cir. 1966) (holding that "The rule stated by LSA-C.C.Art. 3547 [Louisiana Civil Code article 3501 is based on Article 3547 of the Louisiana Civil Code of 1870], as amended, and Arts. 2031 and 5091 of the Code of Civil Procedure is that the exclusive method by which the running of prescription on a money judgment may be prevented is by revival of the judgment in an action instituted within 10 years.").

Thus, Louisiana law requires (1) an interested party to bring "an ex parte motion brought in the court and suit in which the judgment was rendered"; (2) "accompanied by an affidavit of the holder and owner of the judgment, stating that the original judgment has not been satisfied"; and (3) "[n]otice of signing of the judgment of revival shall be mailed by the clerk of court to the judgment debtor at his last known address as reflected in the suit record." La. Code Civ. P. art. 2031(A). Here, none of the requirements have been met by plaintiff or an interested party.

Because the requirements set forth in Louisiana Civil Code article 3501 and Louisiana Code of Civil Procedure article 2031

were not satisfied before the prescriptive period, and the mere continued act of garnishment does not suffice to interrupt prescription, the money judgement has prescribed and Defendant's garnishment should be vacated subject to the aforementioned provisos relative to reconsideration and/or the Magistrate's November 2011 order.

Since plaintiff is no longer represented by record counsel in this matter and it appears he may be involved in another action with representation,[1] the Clerk of Court is directed to notify plaintiff at the address provided in record document 114-2 and Taylor Christopher Bartlett, Heninger, Garrison & Davis, LLC, 2224 First Avenue North, Birmingham, AL 35203 (205-326-3336), Email: taylor@hgdlawfirm.com, along with counsel of record remaining in this action.

New Orleans, Louisiana this 4th day of October, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] See "Rickey Alford, et al v. Janssen Research & Development, LLC, etc., et al", CA No. 19-09297 (MDL No.14-md-02592 (EDLA).